IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN MOORE, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 06-cv-493-DRH |
| vs. ) | |
| ) | CRIMINAL NO. 04-cr-30053 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      This action is before the Court to rule on Petitioner's motion for reconsideration (Doc. 5). Technically, a "Motion for Reconsideration" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

      Judgment was entered in this action on August 15, 2006, and the instant motion was filed on August 29, within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which

may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In this motion, Petitioner merely reiterates his argument regarding a policy of the Bureau of Prisons that allegedly did not consider judicial recommendations with regard to potential placement in a community confinement center. As the Court stated, "[s]uch a claim does not merit relief under § 2255, as he does not challenge the fact of his conviction, nor does he challenge any specific aspect of his sentence as pronounced by this Court." The Court remains persuaded that this ruling was correct; accordingly, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 30, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**